## Nathaniel Gandy et al. v. Lydia J. Coleman et al.

99    391
a196s 189

1.   HARMLESS ERROR—*Error Which Works no Prejudice to the Party Complaining.*—Errors committed by the court in rendering a decree which work no prejudice to the party complaining, will not be sufficient to effect a reversal of it at their instance.

Foreclosure.—Error to the Circuit Court of Christian County; the Hon. TRUMAN E. AMES, Judge, presiding.   Heard in this court at the May term, 1901.   Affirmed.   Opinion filed December 10, 1901.

FRANK P. DRENNAN, attorney for plaintiffs in error.

JOHN E. HOGAN, attorney for defendant in error.

MR. PRESIDING JUSTICE BURROUGHS delivered the opinion of the court.

On June 13, 1898, the defendant in error filed in the Circuit Court of Christian County, her bill of complaint in chancery against the plaintiffs in error, Nathaniel Gandy and Loretta F. Gandy, and all of the defendants in error except herself, setting up that on or about August 20, 1892, plaintiffs in error borrowed of her $1,400, and to secure the payment thereof with interest, on that day gave her their principal note for $1,400, payable to her order two years after date, with interest at the rate of seven per cent per

annum, payable yearly, and at the same time they gave her two other notes of that date for $98, one payable one year after, the other, two years after date, without interest, and representing the interest on the principal note. That to further secure the payment of said loan, with interest, they made, executed, acknowledged and delivered to her on said date first above named, their mortgage deed upon the west half of out-lot number two, in Wilkinson's second addition to the town (now city) of Taylorville in said county; giving her a lien thereon to secure the payment of said notes; which mortgage was duly recorded in the recorder's office of said county on the same day it was made. All of which will more fully appear by said notes and mortgage, with its accompanying certificates of acknowledgment, ready to be produced, and by copies thereof attached to and made a part of this bill as "Exhibits A and B."

That on August 9, 1893, the plaintiffs in error sold and conveyed, by warranty deed of that date, to George E. Sharp, another of the defendants in error, the premises so mortgaged to defendant in error, Lydia J. Coleman, and it was stipulated in the deed that said Sharp assumed and agreed to pay said indebtedness secured by said mortgage as a part of the consideration of said conveyance of said premises to him.

That on February 8, 1897, said George E. Sharp sold and conveyed said mortgaged premises, by his quit-claim deed of that date, to one Newell Douglas Ricks, who did not assume or agree to pay the said indebtedness secured by said mortgage.

That said two interest notes have been paid, and there has also been paid on the principal note ten dollars on August 8, 1896, ten dollars on September 15, 1896, twenty dollars on November 14, 1896, and twenty dollars on February 3, 1897, leaving the amount due complainant on the principal note and mortgage, $1,400, with interest from January 1, 1895.

That said mortgage provides, among other things, that upon foreclosure and sale of said premises, there shall be

first paid out of the proceeds of such sale all "expense of advertisement, selling and conveying said premises, and a reasonable sum as attorney or solicitor's fees to be included in the decree," and that $150 would be a reasonable attorney's fee in this cause.

That while holding the title to said premises under said conveyance from said George E. Sharp, and on January 11, 1898, said Newell Douglas Ricks departed this life testate, leaving him surviving Mary Ricks, his widow, and the following children, namely, his daughter, Lillie E. Smith, the wife of Paul C. Smith; his son, Newell S. Ricks; his daughter, Fannie T. Ricks, and his son, Ralph D. Ricks, who are his only heirs at law, devisees and legatees; that the last will of said Newell Douglas Ricks was duly probated and recorded in said county; that said Mary Ricks is executrix thereof; and that said Ralph D. Ricks is a minor without a guardian.

And complainant futher states, upon information and belief, that Andrew Fleshner has, or claims to have, some interest in said mortgaged premises, or some part thereof, as purchaser, mortgagee, judgment creditor or otherwise, which interest, if any, has accrued subsequent to, and is subject to the lien of complainant, under her said mortgage.

The bill makes Nathaniel Gandy, Loretta F. Gandy, George E. Sharp, Mary Ricks, Lillie Smith, Paul C. Smith, Newell S. Ricks, Fannie T. Ricks, Ralph D. Ricks, and Andrew Fleshner, defendants, and prays for the foreclosure of said mortgage, and sale of the premises to pay said indebtedness and costs in the usual way, and for general relief. The defendants to the bill were all regularly brought into court.

Exhibits A and B to the bill, are copies of the principal note and the mortgage described in the bill.

Nathaniel Gandy, Loretta F. Gandy and George E. Sharp answered the bill, and say they admit that Nathaniel Gandy and Loretta F. Gandy executed to complainant the $1,400 note secured by the mortgage, as stated in her bill; that they conveyed the premises so mortgaged, to George E.

Sharp by deed, containing the stipulation as in the bill stated, but that these defendants are unable to state with exactness, how much has been paid upon said mortgage indebtedness. And the defendant George E. Sharp further answering says, that for many years prior to February 8, 1897, said N. Douglas Ricks was acting as the general agent of complainant, making loans for her and settling same, taking care of her interests generally, and was, as this defendant is informed and believes, the general authorized agent of the complainant.

That this defendant further answering says, that prior to February 8, 1897, said N. Douglas Ricks, as the agent of complainant, made and entered into an agreement with this defendant, that if he, said George E. Sharp, would make and deliver a quit-claim deed to said N. Douglas Ricks, to the said mortgaged premises, that he (Ricks) would accept same in satisfaction of said mortgage indebtedness. That said Ricks was at that time threatening to foreclose said mortgage, and about to institute proceedings for that purpose, and that said agreement so made between said agent of Lydia J. Coleman and this defendant, was made for the purpose of avoiding the expense of such foreclosure. And that after that time this defendant was not called upon to pay any interest on said mortgage indebtedness, nor was any claim of any kind whatsoever made upon him by Lydia J. Coleman or her agent for the payment thereof, or any part thereof, until the institution of this suit. And this defendant avers that said deed was accepted by said agent of Lydia J. Coleman in satisfaction of said indebtedness, and the same was fully paid. And that said N. Douglas Ricks was, at the time, in possession of said notes and mortgages, and was duly authorized to settle and adjust the same, and to accept said conveyance in full satisfaction of said mortgage. And these defendants pray to be dismissed. The guardian *ad litem* appointed for Ralph D. Ricks by the court made the usual formal answer to the bill in cases of persons under disability.

Afterward said George E. Sharp filed, by leave of court,

his cross-bill in this case, in which he made the complainant in original bill, and the widow and children of N. Douglas Ricks, parties defendant, and in it he set up the same facts which he states in his answer, relative to conveying the premises in question to their deceased father, for the purposes and under the agreement therein stated, and further avers that N. Douglas Ricks, on said 8th day of February, 1897, went into possession of said premises, and he and his legal representatives collected the rents thereof since then, to the amount of $180 or more. And prays that the court make an order in this case, declaring the title to said land to have been held by N. Douglas Ricks, in his lifetime, for the use of complainant in the original bill, and that the defendants to the cross-bill, who are the widow and heirs at law of him, since his death, be required to make, execute and deliver a deed, conveying the said premises to the complainant in the original bill; and that the same be received and accepted by her in satisfaction, and discharged of said mortgage, or if this is refused, that an account be taken of the rent, issues and profits collected by said N. Douglas Ricks, and said Mary Ricks, widow and executrix, as aforesaid, and Lillie Smith, Paul C. Smith, Newell S. Ricks, Fannie Ricks and Ralph D. Ricks, from said premises, and that they be required to pay the rent so collected as aforesaid, to the complainant in the cross-bill, and that he may have such other and further relief in the premises as equity may require and to the court may seem meet.

Said Lydia J. Coleman, one of the defendants to the cross-bill, filed her answer to the same, and admits that she filed her original bill as therein alleged, and to foreclose said mortgage for the purposes named in the original bill; that Nathaniel Gandy and Loretta Gandy conveyed the said premises to George E. Sharp on August 9, 1893, and that said Sharp assumed to pay her note and mortgage secured on the same, as a part of the purchase price of said premises. She admits further that George E. Sharp conveyed said premises, by quit-claim deed, to N. Douglas

Ricks, on February 8, 1897, but she denies that said N. Douglas Ricks was acting as the agent of this defendant; denies that he was authorized by her to transact business generally for her, and denies that he was authorized to accept conveyances of property mortgaged to her in satisfaction of such mortgages to discharge same. But she avers that the authority of said N. Douglas Ricks as her agent, was in writing in the form of a power of attorney made and acknowledged by this defendant on August 21, 1889, and is recorded in the recorder's office of said county, in Vol. 75 of deed records, on page 26; which was the only authority and agency of said N. Douglas Ricks for this defendant, and by that authority said N. Douglas Ricks was authorized in the name, place and stead of this defendant to sign checks, receipts or other instruments in writing for the carrying on of the business of this defendant, and to enter satisfaction of any or all mortgages of record or by release deed then due or to become due in this State.

This defendant denies that by virtue of said power of attorney, said N. Douglas Ricks had authority to receive a conveyance of real estate upon which this defendant had a mortgage or other lien to either himself or this defendant in satisfaction thereof; and denies that she ever gave him any authority to receive a conveyance to himself or to this defendant of the property in question in satisfaction of the mortgage indebtedness due her upon the same, or that she, with knowledge of such conveyance, at any time ratified or accepted the same in satisfaction of such indebtedness.

And this defendant denies that the complainant in the cross-bill is entitled to the relief therein prayed, in so far as it affects her, or to any relief against her.

Mary Ricks, Fannie Ricks, Newell S. Ricks, Paul C. Smith, Lillie Smith and Mary Ricks, executrix of the will of N. Douglas Ricks, deceased, defendants to the cross-bill of George E. Sharp in this cause, answered that they admit that Nathaniel Gandy and wife made, executed and acknowledged the mortgage in the cross-bill mentioned, to their co-defendant, Lydia J. Coleman, on said premises,

and afterward conveyed said premises to said George E. Sharp, and that said Sharp assumed the payment of said indebtedness as a part of such purchase, and afterward, on February 8, 1897, said Sharp conveyed, by quit-claim deed of that date, said premises to N. Douglas Ricks, but they deny that said Ricks was acting as the agent of Lydia J. Coleman, and state that he received said conveyance to himself and held the title to it subject to the lien of said mortgage, as he lawfully might do.

These defendants admit that after receiving such conveyances, they collected the rents from the said premises, paid the taxes and made necessary improvements upon same, and state that the amount of rents received up to and including November 10, 1893, was $180, but these defendants deny that the complainant, George E. Sharp, is entitled to have any account of these rents as the same passed to these defendants, the heirs, devisees, executrix and widow of said N. Douglas Ricks; and they deny that said George E. Sharp is entitled to the relief prayed for in his cross-bill in this case or to any relief.

Ralph D. Ricks, by his guardian *ad litem*, presented the formal answer where persons are under disability.

The original bill was taken *pro confesso* as to the personal representatives of N. Douglas Ricks and as to Andrew Fleshner, and the bill and cross-bill, with the answers thereto, being at issue, the case was heard on the pleadings and testimony heard in open court, and the court found that the allegation in the original bill contained are true as therein stated, and the court, having jurisdiction of the parties and of the subject-matter, finds the equities of this case are with the complainant in the original bill; that the conveyance to said N. Douglas Ricks from George E. Sharp should be canceled and set aside; and that the heirs and legal representatives of said N. Douglas Ricks should account for the rents received by him from February 8, 1897, to January 27, 1899.

And the said Mary Ricks, executrix of the last will of said N. Douglas Ricks, deceased, thereupon accounted and

showed to the court that said N. Douglas Ricks, and his legal representatives, had collected rents from said mortgaged premises to the amount of $189.85; that he and they paid for taxes during that time and for necessary repairs upon said premises, the sum of $68.07, and that there remains of said rents, after paying such taxes and repairs, the sum of $121.78, which sum the court orders shall be credited and applied upon the said mortgaged indebtedness.

The court, therefore, orders that said Mary Ricks, executrix of the will of N. Douglas Ricks, pay to said George E. Sharp the said sum of $121.70, in due course of administration of said estate. And the court further finds that there is now due from said George E. Sharp to the complainant Lydia J. Coleman, for principal and interest on said note and mortgage, the sum of $1,804.42, and the further sum of $75 for complainant's solicitor fee, and decrees that the defendants in the original bill, Nathaniel Gandy, Loretta F. Gandy and George E. Sharp, pay to the complainant Lydia J. Coleman, within twenty days from this date, the sum of $1,879.42, with lawful interest to be computed thereon from the date of the decree until paid; and also the costs of this suit to be taxed by the clerk of this court.

And it is further ordered and decreed that the deed from George E. Sharp to N. Douglas Ricks, dated February 8, 1897, conveying the said premises, be and the same is hereby ordered to be canceled, set aside, and the title to said property vested in said George E. Sharp; and that in default of such payment being made by Nathaniel Gandy, Loretta Gandy and George E. Sharp, then and in that case, the above described mortgaged premises be sold by the master, etc., to pay same, etc., being the usual form of decree of sale in such cases, with order for judgment against Nathaniel Gandy, Loretta F. Gandy and George E. Sharp for any deficit, etc., etc.

Plaintiffs in error have assigned, on the transcript of the record filed by them in this court, the following errors:

"First. The court erred in rendering a decree setting aside the deed from George E. Sharp to Newell Douglas Ricks.

"Second. The court erred in rendering a decree that the rents and profits paid in by Mary Ricks, executrix, etc., should be paid to George E. Sharp.

"Third. The court erred in rendering a decree that the rents and profits, to be paid in by said Mary Ricks, should be applied upon the mortgage indebtedness, and then afterward in the same decree ordering that the same should be paid to said George E. Sharp.

"Fourth. The decree is not supported by and does not follow the pleadings.

"Fifth. The decree is conflicting in its terms, and impossible of execution without conflicting with the interests of some of the parties to the suit.

"Sixth. The decree is conflicting in its terms, and so uncertain in its meaning that it is absolutely void."

The original bill in this case, as well as the answer thereto of the plaintiffs in error, conclusively shows that they had parted with all the title they had in the mortgaged premises in question to George E. Sharp before this case was commenced, and therefore have no interest whatever in that part of the decree in this case which sets aside the deed which Sharp made to Newell Douglas Ricks, and so far as plaintiffs in error are concerned that part of the decree is harmless, and their first assignment of error on the record will not be further considered for that reason.

The record also discloses that George E. Sharp, after he acquired the title to the premises in question from the plaintiffs in error, made a conveyance thereof to said Newell Douglas Ricks long before this suit was commenced, and what the court by its decree ordered done with the rents which accrued and were collected from said premises before this foreclosure suit was commenced and after the defendants had parted with their title thereto, can not be a matter of any concern to the plaintiffs in error whatsoever, and therefore the second and third assignments of error will not be further considered for that reason.

The decree is perfectly regular in this case, and free of any conflict in its terms in so far as it finds that plaintiffs in error gave the defendant in error Lydia J. Coleman, the

note and mortgage in question in this case, securing the $1,400, which the former borrowed from the latter and upon which it is conceded by all the parties there was due when the decree was entered, to Lydia J. Coleman from the plaintiffs in error, the amount found by the decree, and the court having decreed that the premises which the plaintiffs in error had mortgaged to her should be sold in the usual manner in foreclosure of mortgage proceedings to satisfy and pay that amount, we fail to find wherein the plaintiffs in error ought to complain of the decree, even if it is uncertain and conflicting in other of its terms concerning the rents which accrued upon the mortgaged premises long after they had parted with all their title in the same, and especially where it appears that such rents were collected by a stranger in interest to them for aught the record discloses.

Such errors committed by the court in its decree which worked no prejudice to plaintiffs in error ought not to affect a reversal of the decree at their instance.

The decree of the Circuit Court being free from error prejudicial to plaintiffs in error, it will be affirmed.